IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE SANTOS, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : |
| | : NO. 13-3401 |
| CITY OF PHILADELPHIA, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                                                                                                    November 19, 2014

      Defendant has filed a motion for reconsideration of this Court's Order of August 27, 2014. After oral argument on the motion before this court on October 29, 2014, and an opportunity afforded to both sides to submit additional briefing within ten days (which neither did as of the date of this memorandum), the court concludes that the motion should be granted, and summary judgment entered in favor of defendant.

      As defendant points out, plaintiff has failed to produce any evidence that anyone employed by defendant was informed of a substantial risk of serious bodily injury to plaintiff. Moreover, my analysis of the evidence concludes that plaintiff has produced no evidence that defendant should have, under the circumstances, known of a substantial risk that plaintiff was going to be assaulted by another inmate.

      A quote from defendant's brief sets forth the relevant portion of the Investigation Report:

> "Inmate Santos verbally stated that he and inmate Wright were arguing over the phone when inmate Santos told inmate Wright that he had the phone. Inmate Wright left the area and returned and started stabbing inmate Santos."

There is no evidence that any correctional staff witnessed this incident and knew that Wright left the area angry and did nothing to prevent his return.

What evidence with respect to this incident exists is the statement made by Officer Ryans as follows:

> "On December 16, 2011 approximately 8:30 p.m. on C2pod4, two inmates Wright pp#1040609 and Santos pp#914981 started fighting over an inmate phone, as I was leaving off the pod. That is when I turned around and saw Wright stabbing Santos. I then banged on the window for a local response. The inmates were sprayed and cuffed and taking (sic) to medical."

Indeed, defendant's cite to a portion of plaintiff's deposition with reference to Wright (18:22-19:6), which follows:

> Q. Did you have a problem with him before December 16, 2011?
> A. No.
> Q. Were you concerned about him in any way before December 16, 2011?
> A. No.
> Q. Did you voice your concern about him to anybody?
> A. No.

Simply stated, upon reviewing the record again, the court concludes that its prior footnote in the order of August 27, 2014 was incorrect and there is no evidence to support plaintiff's claim against defendant. Moreover, there is no bona fide dispute regarding any material facts.

An order follows.